**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| David Michael Woodward, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:04-22305-12 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On September 20, 2004, pursuant to 28 U.S.C. § 2255, David Michael Woodward ("petitioner") commenced this pro se action attacking his sentence. On October 20, 2004, the government moved for summary judgment. On October 28, 2004, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On January 4, 2005, the petitioner responded to the government's motion for summary judgment. This matter is now before the Court for disposition.

On June 25, 2002, a federal grand jury charged the petitioner and seven other defendants in a ninety count indictment. On August 28, 2002, the petitioner was charged in a superseding indictment. On January 7, 2003, the petitioner pled guilty to Counts 1, 49, and 93 of the superseding indictment. On September 22, 2003, the Court sentenced the petitioner to 180 months confinement on each count to run concurrently. The petitioner did not appeal his guilty plea or sentence.

The petitioner raises the following claims in his petition: (1) ineffective assistance of counsel for failing to object to the petitioner's failure to receive "cooperation credits" which would have reduced his sentencing range by 22 months, (2) ineffective assistance of counsel for failing to object to the disparity between the petitioner's sentence and his co-defendants'

sentences which resulted from the petitioner's co-defendants being allowed to withdraw their guilty pleas in order to plead guilty to lesser charges, and (3) the petitioner's sentence violates the principles set forth in Blakely v. Washington, 124 S.Ct. 2531, 2536 (2004).

The petitioner claims ineffective assistance of counsel during his sentencing. In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984). The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Id. at 694.  In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

First, the petitioner claims that the Court incorrectly assigned a sentencing guideline range of 262 months to 327 months which is more than the maximum sentence of 240 months allowed under the statutes he pled guilty to.  As a result, when the Court reduced the petitioner's sentence for acceptance of responsibility, the Court began from 262 months rather than 240 months.  If the Court had reduced the petitioner's sentence from the correct starting point, the Court would have reduced his sentence by 22 more months.  The petitioner claims that counsel was ineffective for not objecting to the Court's mistake.

The petitioner pled guilty to three counts in his superseding indictment, one count of violating 21 U.S.C.§ 846, one count of violating 18 U.S.C. § 1347, and one count of violating 18 U.S.C. § 1956(h).  Each statute carries a maximum sentence of 240 months. The petitioner, therefore, was exposed to a maximum sentence of 720 months.

Sentencing Guideline 5G1.2(d) provides that when a Court sentences on multiple counts of conviction and a sentence imposed on a count carrying the highest statutory maximum is less than the total punishment called for under the guidelines, then the sentence imposed on one or more of the other counts of conviction shall run consecutively until total punishment is achieved. USSG § 5G1.2(d).  Under this section, a district court is required to impose consecutive

sentences until the total punishment prescribed by the guidelines is achieved.[1]  United States v. White, 238 F.3d 537, 543 (4th Cir. 2001); see also United States v. Hardin, 108 Fed. Appx. 74, 80 (4th Cir. 2004)(unpublished table disposition)(noting the Sentencing Guideline 5G1.2(d) "*requires* a district court to impose consecutive sentences").  The petitioner's total punishment prescribed by the guidelines was 262-327 months.  Section 5G1.2(d) required the Court to take the count carrying the highest statutory maximum and run the other counts consecutively until the Court reached the petitioner's total punishment of 262-327 months.  Counsel, therefore, was not ineffective by failing to object to the petitioner's guideline range of 262-327 months.[2]  The petitioner is not entitled to relief on this claim.

Second, the petitioner claims that his co-defendants were allowed to withdraw their guilty pleas before sentencing.  As a result, the petitioner's co-defendants, who were convicted of similar conduct, received lower sentences.  The petitioner contends that given the opportunity, he would have done the same, and the Court was authorized to depart downward on the basis that his co-defendants received lower sentences and counsel was ineffective for not pursuing the departure.

The government argues, however, that all of the petitioner's co-defendants were not

---

[1] The Court notes that other circuits do not hold that sentencing guideline 5G1.2(d) requires a district court to impose consecutive sentences.  See United States v. Velasquez, 304 F.3d 237, 243 (3rd Cir. 2002) and United States v. Vasquez, 253 F.3d 211, 214 (5th Cir. 2001). As explained above, however, the Fourth Circuit Court of Appeals holds that district courts are required to apply the provisions of section 5G1.2(d).

[2] The petitioner's probation officer calculated the petitioner's offense level as 43 which calls for a mandatory sentence of life imprisonment.  The petitioner's counsel, however, filed numerous objections to the petitioner's initial sentence calculation.  These objections resulted in a guideline range of 262 months to 327 months.

allowed to withdraw their pleas, and that two of them entered into plea agreements similar to the petitioner's plea agreement. The government allowed three defendants to withdraw their guilty pleas because the government had made a mistake as to what result pleading guilty to Count 1 of the indictment would be. The government did not make the same mistake in the petitioner's plea agreement.

The only factors a district court is authorized to consider when departing downward are those that could independently support an initial decision to depart downward. United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). A district court is not authorized under 18 U.S.C. § 3553(b), to depart downward based upon disparate sentences among co-defendants, absent proof of prosecutorial misconduct. United States v. Ellis, 975 F.2d 1061, 1066 (4th Cir. 1992)(disparate sentences between co-conspirators is a factor adequately considered by the Sentencing Commission and is not a proper basis for departure); see also United States v. Withers, 100 F.3d 1142, 1149 (4th Cir. 1996).

Under Fourth Circuit precedent, the Court was not authorized to consider the petitioner's co-defendant's sentences when departing downward, absent prosecutorial misconduct. The petitioner does not allege facts amounting to prosecutorial misconduct in allowing the petitioner's co-defendants to withdraw their guilty pleas. Because the Court was not authorized to depart downward based on disparity in sentences, counsel's failure to raise this claim was not ineffective assistance. The petitioner was not prejudiced by counsel's representation at sentencing and the petitioner is not entitled to relief on this claim.

Finally, the petitioner claims that his sentence violates the principles set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004). Recently, the United States Supreme Court reaffirmed

those principles.  See United States v. Booker, 125 S. Ct. 738 (2005).  The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25.

Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).  Here, the petitioner's case has run its course and his conviction and sentence became final in 2003, "well before Booker was issued, and its approach therefore does not govern [this] collateral proceeding."  Id.

The Court therefore grants the government's motion for summary judgment and dismisses this petition.


**AND IT IS SO ORDERED**.

                                                             s/ C. Weston Houck
                                                             **C. WESTON HOUCK**
                                                             **UNITED STATES DISTRICT JUDGE**

May 10, 2005
Charleston, South Carolina